## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LINDA TODD, DRAMETTA TODD, MARCUS BOYD, DONNA SANDERS, and MARQUITA SANDERS, individually and on behalf of a class, <br><br> Plaintiff, <br> v. <br><br> MEDIEVAL TIMES U.S.A., INC., <br><br> Defendant. | 10 C 120 <br><br> Judge Andersen <br><br> Magistrate Judge Keys |

## DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT

Defendant MEDIEVAL TIMES U.S.A., INC., (hereinafter "Defendant"), answers the Class Action Complaint (the "Complaint") of Plaintiffs LINDA TODD, DRAMETTA TODD, MARCUS BOYD, DONNA SANDERS, and MARQUITA SANDERS, individually and on behalf of a class (hereinafter "Plaintiffs"), as follows:

## BACKGROUND AND JURISDICTION

1. Plaintiffs Linda Todd, Drametta Todd, Marcus Boyd, Donna Sanders and Marquita Sanders ("Plaintiffs") individually and on behalf of a class, bring this class action against Medieval Times U.S.A., Inc., ("Defendant") to secure redress for a violation of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

**ANSWER:** Defendant admits that Plaintiffs bring this action under the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"). Defendant admits that Plaintiffs purport to bring this action as a class action, but Defendant denies any implication that it violated any provision of the FACTA or the FCRA, denies the case is appropriate for treatment as a class action and further denies that it is liable to Plaintiffs.

2. One provision of FACTA, codified as 15 U.S.C. §1681c(g), provides that;

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

**ANSWER:** Defendant admits that Plaintiffs have partially quoted from a portion of the FCRA, as amended by the FACTA, and respectfully refers the Court to the statute for its true and complete contents.

3. Section 1681c(g) is "not ambiguous." It "expressly prohibits printing more than the last five digits of the credit/debit card numbers and also prohibits printing the card's expiration date." *Pirian v. In-N-Out Burgers*, 06-1251, 2007 U.S.

Dist. LEX1S 25384, *8 (C.D. Cal. Apr. 5, 2007); accord, *Iosello v. Leiblys, Inc.,* 502 F.Supp.2d 782 (N.D.111. 2007); *Follman v. Hospitality Pius of Carpentersville, Inc.*, 07 C 2934, 2007 U.S. Dist. LEXIS 77440 (N.D.I11., Oct. 17, 2007); *Follman v. Village Squire, Inc.*, 07 C 3767, 2007 U.S. Dist. LEXIS 92585 (N.D.111., Dec. 18, 2007); Korman *v. Walking Co.*, 503 F. Supp. 2d 755 (E.D. Pa. 2007); *Ramirez v. MGM Mirage, Inc.*, 2:07- CV-00326-PMP-PAL, 2007 U.S. Dist. LEXIS 95254 (D. Nev. Dec. 3, 2007),

**ANSWER:** Defendant avers that the allegations of this Paragraph are conclusions of law to which no response is required. The allegations do not allege facts against Defendant and are in the nature of argument. To the extent the allegations of Paragraph 3 are construed as alleging facts against Defendant, Defendant denies them.

4. The purpose of this "truncation requirement'' is to prevent identity theft The Federal Trade Commission estimates that over 9 million persons each year have their identity assumed by criminals for financial gain, causing losses in excess of $50 billion.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and therefore denies them.

5. One common modus operandi of identity thieves is to obtain credit card receipts that are lost or discarded, or through theft, and use the information on them to engage in transactions. Identity thieves who do this are known as "carders" and ''dumpster divers." This modus operandi is more common than the use of sophisticated electronic means to obtain the information. Robin Sidel, "Identity Theft -Unplugged Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," Wall Street Journal, Oct. 5, 2006, p. Bl.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and therefore denies them.

6.      The expiration date is generally necessary for misuse of the card number.

      **ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and therefore denies them.

7.      Merchants generally will not honor a credit card in a card-not-present transaction (telephone or Internet or fax) without both the correct expiration date and the card number. Thieves prefer to engage in such transactions to commit credit card fraud, so as to reduce the chances of apprehension.

      **ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies them.

8.      To curb this means of identity theft, Congress prohibited merchants who accept credit cards and debit cards from issuing electronically-generated receipts that display either the expiration date or more than the last five digits of the card number.

      **ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies them.

9.      The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

      **ANSWER:**   Defendant avers that the allegations of this Paragraph are conclusions of law to which no response is required. The allegations do not allege facts against Defendant and are in the nature of argument. To the extent the allegations of Paragraph 9 are construed as alleging facts against Defendant, Defendant denies them.

10.     Defendant has "willfully" violated FACTA and failed to protect Plaintiffs and others similarly situated against identity theft and credit card-and debit card fraud by failing to comply with FACTA's truncation requirement.

      **ANSWER:**   Defendant denies the allegations of this Paragraph.

11.     On June 3, 2008, Congress retroactively removed liability for willful expiration date violations through that dates. This amendment was widely publicized and sponsored by the Chamber of Commerce, trade associations and other retailer organizations.

      **ANSWER:**   Defendant admits the allegations of the first sentence of this Paragraph. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of this Paragraph 11 and therefore denies them.

12.     Plaintiffs bring this action against Defendant based on Defendant violation of 15 U.S.C. §§ 1681 et seq. and seek statutory damages, attorneys fees, costs, and such other relief as the Court deems proper, including punitive damages.

      **ANSWER:**     Defendant admits that Plaintiffs purport to seek relief under the provisions of FCRA but denies that Defendant violated the statute and that Plaintiffs are entitled to any recovery or other relief thereunder.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 15 U.S.C. §1681p. 15 U.S.C. §1681p ("An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction.'')

      **ANSWER:**     Defendant admits that this Court has subject matter jurisdiction of this action, and that Plaintiffs have quoted a portion of 15 U.S.C. § 1681p in support thereof.

14.     Venue is proper because Defendant's business at 2001 N. Roselle Road, Schaumburg, Illinois is the subject of this action is located within the District.

      **ANSWER:**     Defendant admits the allegations of this Paragraph 14.

## PARTIES

15.     Plaintiffs reside within the District.

      **ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies them.

16.     Medieval Times U.S.A., Inc, is a Delaware corporation that owns and operates a Medieval-style castle where it provides food, beverages, and entertainment to guests, and includes a gift shop which is operated out of its location at 2001 N. Roselle Road, Schaumburg, Illinois.

      **ANSWER:**     Defendant admits the allegations of Paragraph 16.

17.     For service of process in Illinois, Medieval Times U.S.A., Inc. registered agent and its address is CT Corporation on System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

      **ANSWER:**     Defendant admits the allegations of Paragraph 17.

18.     Defendant is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.


**ANSWER:** Defendant admits the allegations of Paragraph 18.

## FACTS

19.   FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

**ANSWER:**   Defendant avers that the allegations of this Paragraph are conclusions of law to which no response is required. The allegations do not allege facts against Defendant and are in the nature of argument. To the extent the allegations of Paragraph 19 are construed as alleging facts against Defendant, Defendant denies them.

20.   15 U.S.C. §1681c(g)(1), provides that:

> ... no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

**ANSWER:**   Defendant admits that Plaintiffs have partially quoted from a portion of the FCRA, as amended by the FACTA, and respectfully refers the Court to the statute for its true and complete contents.

21.   With respect to point of sale machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

**ANSWER:**   Defendant avers that the allegations of this Paragraph are conclusions of law to which no response is required. The allegations do not allege facts against Defendant and are in the nature of argument. To the extent the allegations of Paragraph 21 are construed as alleging facts against Defendant, Defendant denies them.

22.   With respect to point of sale machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

**ANSWER:**   Defendant avers that the allegations of this Paragraph are conclusions of law to which no response is required and denies that Plaintiffs have accurately summarized or stated the referenced statutory provisions.

23. In May 2007, the Federal Trade Commission has issued a business alert informing business that they, ''must delete the [credit and debit] card's expiration date.'' FTC Business Alert, Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies them.

24. On June 3, 2008, President George W. Bush signed The Credit and Debit Card Receipt Clarification Act (Clarification Act), which amended the Fair and Accurate Credit Transactions Act (FACT Act). The Clarification Act provides that "any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and the date of the enactment of this subsection but otherwise complied with the requirements of section 605(g) for such receipt shall not be in willful noncompliance with section 605(g) by reason of printing such expiration date on the receipt."

**ANSWER:** Defendant admits the allegations of this Paragraph.

25. Visa has explicitly instructed merchants, like Defendant, that the debit or credit card expiration date must be truncated.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 with respect to what Visa has instructed other merchants, and Defendant denies the remaining allegations of this Paragraph.

26. Visa's merchant agreement with merchants such as Defendant includes a drawing detailing that the debit or credit card expiration date must be truncated.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 with respect to Visa's merchant agreement with other merchants, and Defendant denies the remaining allegations of this Paragraph.

27. Point of sales vendors have expressly informed merchants such as Defendant that expirations dates must not be printed on any sales receipt.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies them.

28. Visa by contract requires Defendant to be FACTA compliant.

**ANSWER:** Defendant denies the allegations of this Paragraph.

29. Defendant accepts Visa credit and debit cards in the course of transacting business with persons who make purchases at Defendant's business located at 2001 N. Roselle Road,

Schaumburg, Illinois.

    **ANSWER:** Defendant admits the allegations of this Paragraph.

30. In transacting its business, Defendant's business located at 2001 N. Roselle Road, Schaumburg, Illinois, it uses or more cash registers and/or other machines or devices that electronically print receipts for credit card and debit card transactions.

    **ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 as phrased and therefore denies them.

31. Each Plaintiff has a credit or debit card as defined under 15 U.S.C. §1681a(r).

    **ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and therefore denies them.

32. Each Plaintiff on at least one occasion used their respective credit or debit card at Defendant's location at 2001 N. Roselle Road, Schaumburg, Illinois, since

    **ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and therefore denies them.

33. Each of Plaintiff's receipts contained the expiration date of their respective credit or debit card.

    **ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and therefore denies them.

34. Truncation standards, including the standards reflected in the Visa Merchant Rules and in FACTA, permit the publication of the last four or five digits of customer account numbers on the receipt presented to customers at the point of sale. The publication of this minimal amount of account information is necessary to facilitate merchant account reconciliation, processing of returns, etc. In isolation, the publication of only the last four or five digits of a customer account number significantly limits the extent to which a potential identity thief can effectively use customer receipts disseminated at the point of sale to facilitate identity theft.

    **ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and therefore denies them.

35. The publication of expiration dates on customer receipts disseminated at the point of sale, in addition to the last four or five digits of the customer account number, exponentially increases the possibility of identity theft, which is the obvious reason that Visa, and then Congress, requires the truncation of expiration dates.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and therefore denies them.

36. The expiration dates are used to confirm that a person making a purchase over the phone or on the Internet actually has the card in their possession.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and therefore denies them.

37. Banks and credit card associations (i.e., Visa, MasterCard, American Express, etc.) are keenly aware of the importance of truncating expiration dates.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 and therefore denies them.

38. In addition, a would be identity thief who steals a receipt containing the last four or five digits of a credit card account number and an expiration date can use that data in an attempt to dupe the cardholder, or other potential information sources, into disclosing additional confidential financial information relating to the cardholder. The more information that is disclosed on the receipt, the easier it is to pilfer additional confidential financial information.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and therefore denies them.

39. The costs of truncating credit and/or expiration dates and account numbers is minimal.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 as phrased and therefore denies them.

40. Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement. Defendant could have readily done the same.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and therefore denies them.

41. Defendant "willfully" disregarded FACTA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTA after June 3, 2008.

**ANSWER:** Defendant denies the allegations of this Paragraph.

## **VIOLATION ALLEGED**

42. Defendant violated 15 U.S.C. §1681c(g)(1), which provides that

> …no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.
>
> 15 U.S.C. §1681c(g)(1) (emphasis added).

   **ANSWER:** Defendant denies the allegations of this Paragraph.

43. The FCRA, 15 U.S.C. §1681n, provides:

> §1681n. Civil liability for willful noncompliance
> (a) In general. Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of-
> (1)
>    (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000;
> * * *
> (2) such amount of punitive damages as the court may allow; and
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court....

   **ANSWER:** Defendant admits that Plaintiffs have partially quoted from a portion of the FCRA, as amended by the FACTA, and respectfully refers the Court to the statute for its true and complete contents.

44. "Reckless disregard" of a requirement of FCRA would qualify as a "willful" violation within the meaning of § 1681n(a).

   **ANSWER:** Defendant avers that the allegations of this Paragraph are conclusions of law to which no response is required. The allegations do not allege facts against Defendant and are in the nature of argument. To the extent the allegations of Paragraph 3 are construed as alleging facts against Defendant, Defendant denies them.

45. Defendant knew of its legal duty to truncate the expiration date from its point of sales or transaction receipts.

**ANSWER:** Defendant admits that one or more of its employees became aware at some point prior to the filing of this action of the legal duty to mask the expiration date shown on credit card and debit card sales transaction receipts. Except as otherwise expressly admitted, Defendant denies the allegations of this Paragraph.

46. Alternatively, Defendant acted with reckless disregard as to whether it had a duty to truncate the expiration dates from its point of sales or transaction receipts.

**ANSWER:** Defendant denies the allegations of this Paragraph.

## CLASS ALLEGATION OF THE VIOLATION ALLEGED

47. Plaintiffs bring this action on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

**ANSWER:** Defendant admits that Plaintiffs purport to bring this action as a class action but denies that it is appropriate for treatment as a class action.

48. The class is defined as all persons: (1) who used either a credit or debit card at the Defendant's gift shop located at 2001 N. Roselle Road, Schaumburg, Illinois, (2) where Medieval Times U.S.A. Inc., provided an electronically printed receipt at the point of sale or transaction, (3) from the same model using the same software of the point of sales machine that printed Plaintiffs' receipts, (4) that displayed the expiration date of that person's credit or debit card, (5) for a time period beginning on June 4, 2008 until the date of the filing of this lawsuit.

**ANSWER:** Defendant admits that Plaintiffs purport to bring this action as a class action with a class as defined in this Paragraph, but denies that it is appropriate for treatment as a class action.

49. The class is so numerous that joinder of all individual members in one action would be impracticable.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 and therefore denies them.

50. There are over 100 persons (1) who used either a credit or debit card at the Defendant's gift shop located at 2001 N. Roselle Road, Schaumburg, Illinois, (2) where Medieval Times U.S.A., Inc., provided an electronically printed receipt at the point of sale or transaction, (3) from the same model using the same software of the point of sales machine that printed Plaintiffs' receipts, (4) that displayed the expiration date of that person's credit or debit card, (5) for a time period beginning on June 4, 2008 until the date of the filing of this lawsuit.

**ANSWER:** Upon information and belief, Defendant admits the allegations of sub-

paragraphs (1) and (2) of this Paragraph, but Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 50 and therefore denies them.

51. Plaintiffs' claims are typical of the claims of the class members. All are based on the same legal theories and arise from the same unlawful and "willful'' conduct.

**ANSWER:** Defendant denies that it committed willful or unlawful conduct. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51 as phrased and therefore denies them.

52. There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

   a. Whether Defendant had a practice of providing customers with a sales or transaction receipt which failed to comply with the truncation requirement;

   b. Whether Defendant thereby violated FACTA; and

   c. Whether Defendant's conduct was willful.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 and therefore denies them.

53. Plaintiffs will fairly and adequately represent the class members.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 and therefore denies them.

54. Plaintiffs have no interests that conflict with the interests of the class members.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and therefore denies them.

55. Plaintiffs have retained experienced counsel in class action consumer matters.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 and therefore denies them.

56. A class action is superior to other available means for the fair and efficient adjudication

of the claims of the class members. Individual actions are not economically feasible.

**ANSWER:** Defendant denies the allegations of this Paragraph.

WHEREFORE, Plaintiffs request this Honorable Court to enter judgment in favor of Plaintiffs and the class members and against Medieval Times U.S.A., Inc., for:
a. Statutory damages of no less than $100 nor more than $1,000 per violation;
b. Attorney's fees and costs; and
c. For such other and further relief as the Court may deem proper including punitive damages.

**ANSWER:** Defendant denies that Plaintiffs are entitled to any relief under this prayer for relief.

## AFFIRMATIVE DEFENSES

Defendant denies each and every allegation not expressly admitted herein and asserts the following affirmative defenses.

### First Affirmative Defense

(Failure to State a Claim Upon Which Relief Can Be Granted)

The Complaint, and each and every purported claim for relief asserted therein, is barred because it fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

(Violation of Due Process)

Any award of statutory or punitive damages to Plaintiffs or any purported class member would be grossly disproportionate to any actual injury sustained by any such individual and would therefore deny Defendant its rights under the Due Process provisions of the United States Constitution and amendments thereto.

### Third Affirmative Defense

(Violation of Due Process)

The range of available statutory damages under FCRA in the absence of any harm or injury to Plaintiffs is unconstitutionally vague and thus violates Defendant's rights under the Due Process provisions of the United States Constitution and amendments thereto.

### Fourth Affirmative Defense

(Unclean Hands)

Plaintiffs' claims are barred in whole or part by the doctrine of unclean hands. On information and belief, Defendant avers that Plaintiffs brought this action not because of any harm suffered, but rather in the hope of receiving a windfall.

### Fifth Affirmative Defense

(No Injury)

There is no reasonable likelihood that Plaintiffs will sustain, or have sustained, any of the harm or injury which FACTA is intended to prevent or deter, and Plaintiffs accordingly are not entitled to any recovery.

### Sixth Affirmative Defense

(No Willful Violation)

Defendant has committed no willful misconduct within the meaning of 15 U.S.C. § 1681(c)(g)(1) and therefore has no liability for punitive or statutory damages. Credit card and debit card printed transaction receipts provided by Defendant omitted even the name of cardholders, thereby providing more protection against identity theft than occurs when credit and debit card expiration dates are masked.

### Seventh Affirmative Defense

(Mistake)

Plaintiffs' claims for damages, penalties or punitive damages are barred because Defendant's acts or omissions were the result of mistake in fact or law, undertaken in good faith.

### Eighth Affirmative Defense

(Proximate Cause)

Defendant's acts or omissions have not been the proximate cause of any damage or injury to Plaintiffs, since Plaintiffs have suffered no damage or injury.

### Ninth Affirmative Defense

(Justification)

Defendant's conduct was privileged or justified because it substantially complied with

FACTA's truncation requirements. Credit card and debit card printed transaction receipts provided by Defendant omitted even the name of cardholders, thereby providing more protection against identity theft than occurs when credit and debit card expiration dates are masked.

### Tenth Affirmative Defense

(Speculative Damages)

Plaintiffs' damages, if any, are speculative, since Plaintiffs have not alleged any actual harm or injury.

### Eleventh Affirmative Defense

(Limitation on Recovery)

Recovery, if any, under Plaintiffs' claims is limited to consumers under 15 U.S.C. § 1681n(a).

### Twelfth Affirmative Defense

(Failure to Mitigate Damages)

To the extent any Plaintiff or any class member failed to mitigate, minimize or avoid any damages allegedly incurred, any recovery against Defendant must be reduced by that amount.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays as follows:

1. That Plaintiffs take nothing by reason of their Complaint;

2. That judgment be rendered in favor of Defendant;

3. That Defendant be awarded its attorneys' fees and costs of suit incurred in defense of this action; and

4. For such other and further relief as this Court may deem proper.

Respectfully submitted,

_____
Attorneys for Defendant
MEDIEVAL TIMES U.S.A., INC.

James L. Morris
RUTAN & TUCKER, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626
(714) 641-5100
(714) 546-9035 (Fax)
jmorris@rutan.com

Steven Bruce Varick
HOLLAND & KNIGHT LLP
131 South Dearborn Street
30th Floor
Chicago, IL 60603
(312) 715-5727
(312) 578-6666 (Fax)
steven.varick@hklaw.com