UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA TODD, DRAMETTA TODD, MARCUS BOYD, DONNA SANDERS, and MARQUITA SANDERS, individually and on behalf of a class, | ) ) ) ) ) | 10 C 120 |
| | ) | Judge Andersen |
| Plaintiffs, | ) ) | Magistrate Judge Keys |
| v. | ) ) | |
| MEDIEVAL TIMES U.S.A., INC., | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR RULE TO SHOW CAUSE**

NOW COME Plaintiffs Linda Todd, Drametta Todd, Marcus Boyd, Donna Sanders, and Marquita Sanders (collectively the "Plaintiffs"), by and through their counsel, and brings this Motion for Defendant Medieval Times U.S.A., Inc. ("Defendant") to Show Cause for its failure to produce documents by Friday, June 25, 2010, as required by this Court's Order and to produce the outstanding documents. (Doc. 26). Plaintiffs further request appropriate sanctions of reasonable attorney's fees available under Rule 37(b)(2)(C) be imposed against Defendant and any other sanctions under Rule 37(b)(2)(A) that this Court deems as just.

In support of this motion for the production of documents, Plaintiffs state:

1. On June 21, 2010, Plaintiffs filed their motion to compel the production of documents that were sent to Defendant on April 12, 2010.[1]

---

[1] On February 15, 2010, Plaintiff's counsel had sent Defendant's counsel a "heads up" copy of the exact discovery that is at issue in this motion. Discovery would have been propounded earlier except for Defendant's counsel declining to conduct a Rule 26(f) conference until April 12, 2010.

1

2.     At the June 23, 2010 hearing on Plaintiff's Motion to Compel, Defendant's counsel agreed to produce documents in Defendant's possession by June 25, 2010, and this Court entered an Order granting Plaintiffs' motion that reflected Defendant's agreement.  (Doc. 26).

3.     On June 25, 2010, Defendant's counsel sent Plaintiff's counsel via e-mail its discovery responses to the compelled Interrogatory and Document Production Requests.  A copy of the Document Responses that is the sole issue in this motion to show cause is attached hereto as Exhibit A

4.     Instead of producing any documents Defendant placed in several of its responses, "Medieval Times states that it will provide non-privileged, non-work product responsive documents currently in it possession and will seasonably supplement its response should it obtain further responsive documents." Exhibit A ¶¶ 4-7, 9, 11, 13-14, 21-24, 27, 28-30, 31(a)-(g), and 33-35.

5.     Some of Defendant's responses in the paragraphs cited above add the phrase, "if any" into the response leaving Plaintiffs' counsel and now this Court to *guess* if Defendant is in possession of such documents.  Such a response should be deemed evasive and a failure to respond.  FED. R. CIV. P. 37(a)(4) ("an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.").

6.     On Monday, June 28, 2010, at approximately 8:30 a.m., Plaintiffs' counsel Curtis Warner via telephone spoke with Defendant's counsel, Bradley Bulthuis, who e-mailed Defendant's discovery responses to Plaintiff's counsel, and inquired why there was not any documents produced in conjunction with its responses.  A confirming e-mail of this conversation is attached as Exhibit B.

7.     Defendant has possession requested documents as detailed in its Rule 26(a)(1) disclosures that in pertinent part state:

| CATEGORY | LOCATION |
|---|---|
| Documents relating to or reflecting Communications concerning FACTA Compliance. | Medieval Times files and computer systems in its U.S. headquarters. |
| Records relating to consultants retained to assist in FACTA compliance. | Medieval Times files and computer systems in its U.S. headquarters |

A copy of Defendant's Rule 26(a)(1) disclosures is attached hereto as <u>Exhibit C</u>.

8.     As of the filing of this motion, Defendant has not produced any documents in response to Plaintiffs' Document Requests[2], nor responded to Plaintiffs' counsel's June 28, 2010 e-mail.

9.     "The great operative principle of Rule 37(a)(4) is that the loser pays." *Rickels v. City of South Bend*, 33 F.3d 785, 786 (*quoting* Charles Alan Wright & Arthur R. Miller, 8 *Federal Practice and Procedure* § 2288 at 787 (1970)). "Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." *Rickles*, 33 F. 3d at 786.

10.    Furthermore, Rule 37(b)(2)(C) provides for an award of attorney's fees where a party fails to comply with a discovery order. FED. R. CIV. P. 37(b)(2)(C).

11.    Rule 37(b)(2)(A) also provides in pertinent part:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

---

[2] Defendant did produce its insurance policy with its initial Rule 26(a)(1) disclosures on May 28, 2010, which was requested in Plaintiffs' document requests.

3

* * *

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey. . . .

FED. R. CIV. P. 37(b)(2)(A)(i), (ii), (vi) and (vii).

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court order Defendant to show cause why it failed to produce responsive documents as so ordered by this Court, for Defendant to produce the outstanding documents and for appropriate sanctions such as reasonable attorney's fees under Rule 37(b)(2)(C) and other relief as provided for in Rule 37(b)(2)(A) and its subsections (i), (ii), (vi) and (vii) this court deems appropriate.

                        Respectfully submitted,

                        s/ Curtis C. Warner
                          Curtis C. Warner
                        *Counsel for Plaintiffs*

Curtis C. Warner    (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)