# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LINDA TODD, DRAMETTA TODD, MARCUS BOYD, DONNA SANDERS, and MARQUITA SANDERS, individually and on behalf of a class,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 10-cv-120** |
| **MEDIEVAL TIMES U.S.A., INC.** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO**
**PLAINTIFFS' FIRST SET OF REQUEST FOR PRODUCTION**

Defendant Medieval Times U.S.A., Inc. ("Medieval Times") responds to Plaintiffs' First Set of Requests for Production as follows:

1. All documents, records, data, or receipts that relate to or refer to Plaintiffs.

RESPONSE: Medieval Times states that, other than documents provided to Medieval Times by Plaintiffs, it may possess records of reservations and control (merchant) copies of receipts relating to Plaintiffs. Medieval Times is otherwise unaware of non-privileged, non-work product responsive documents, but will seasonably supplement its response should it obtain responsive documents not already in Plaintiffs' possession.

2. All documents, records, data, or receipts that relate to or refer to all persons who used either a debit card or credit card [at] Medieval Times' gift shop located at 2001 N. Roselle Road, Schaumburg, Illinois for a time period beginning on June 4, 2008 to January 8, 2010.

RESPONSE: Medieval Times states that it is unable to identify "all persons who use a debit card or credit card" at the gift shop at the 2001 N. Roselle Road, Schaumburg, Illinois Medieval Times location ("subject gift shop") during the time period June 4, 2008 to January 8,

2010. Medieval Times will seasonably supplement its response should it obtain responsive documents not already in Plaintiffs' possession.

3. All documents, records, data, or receipts that relate to or refer to all persons who used either a debit card or credit card Medieval Times' gift shop located at 2001 N. Roselle Road, Schaumburg, Illinois for a time period beginning on June 4, 2008 until Medieval Times' gift shop located at 2001 N. Roselle Road, Schaumburg, Illinois, stopped printing receipts which displayed an expiration date.

RESPONSE: Medieval Times states that it is unable to identify "all persons who use a debit card or credit card" at the gift shop at the subject gift shop during any time period. Medieval Times will seasonably supplement its response should it obtain responsive documents not already in Plaintiffs' possession.

4. All documents that reflect or relate to Medieval Times' compliance with FACTA, including 15 U.S.C. § 1681c(g).

RESPONSE: Medieval Times states that it will provide non-privileged, non-work product responsive documents currently in it possession and will seasonably supplement its response should it obtain further responsive documents.

5. All written policies and other documents concerning compliance or noncompliance with the FCRA, including but not limited to the violations alleged in Plaintiffs' Complaint in this matter.

RESPONSE: Medieval Times states that it will provide non-privileged, non-work product responsive documents, if any, currently in it possession and will seasonably supplement its response should it obtain further responsive documents.

6. All documents that concern or discuss truncation of any portion of credit cards.

RESPONSE: Medieval Times states that it unaware of any documents concerning or discussing "truncation of any portion of credit cards." Interpreting this request instead to seek documents relating to Medieval Times efforts, policies, and practice regarding the truncation of credit card numbers and expiration dates from receipts provided to customers, Medieval Times

will provide non-privileged, non-work product responsive documents, if any, currently in it possession and will seasonably supplement its response should it obtain further responsive documents.

7. All documents that concern or discuss truncation of any portion of debit cards.

RESPONSE: Medieval Times states that it unaware of any documents concerning or discussing "truncation of any portion of debit cards." Interpreting this request instead to seek documents relating to Medieval Times efforts, policies, and practice regarding the truncation of debit card numbers and expiration dates from receipts provided to customers, Medieval Times will provide non-privileged, non-work product responsive documents, if any, currently in it possession and will seasonably supplement its response should it obtain further responsive documents.

8. All documents concerning Medieval Times' document destruction policy as it pertains to any of the materials requested in these document requests.

RESPONSE: Medieval Times states that it has no "document destruction policy," but will provide its document retention policy.

9. All documents from the company that supplied the point of sales terminals that where [sic] in use from a time period beginning June 4, 2008, at Medieval Times' gift shop located at 2001 N. Roselle Road, Schaumburg, Illinois.

RESPONSE: Medieval Times states that it will provide non-privileged, non-work product responsive documents, if any, currently in it possession and will seasonably supplement its response should it obtain further responsive documents.

10. All applications that Medieval Times filled out with the company that supplied the point of sales terminals that where in use from a time period beginning June 4, 2008, at Medieval Times' gift shop located at 2001 N. Roselle Road, Schaumburg, Illinois.

RESPONSE: Medieval Times states that it does not currently possess responsive documents, but will seasonably supplement its response should it obtain responsive documents.

11. All contracts between Medieval Times and the company that supplied the software for the point of sales terminals that where in use from a time period beginning June 4, 2008, at Medieval Times' gift shop located at 2001 N. Roselle Road, Schaumburg, Illinois.

RESPONSE: Medieval Times states that it will provide responsive documents, if any, currently in it possession and will seasonably supplement its response should it obtain further responsive documents.

12. All monthly billing statements from a time period of November 22, 2003, to January 8, 2010, that Medieval Times, received from the company that provided payment processing of debit cards and credit cards used by cardholders at all Medieval Times' locations.

ANSWER: As Plaintiffs' counsel previously agreed, and subsequently confirmed in open court on June 23, 2010, the documents sought by this request are irrelevant as they do not relate to issues remaining in dispute in this case.

13. All documents reflecting any testing of the software used by the point of sales terminals located at Medieval Times' gift shop, 2001 N. Roselle Road, Schaumburg, Illinois from a time period of June 4, 2008, to January 8, 2010.

RESPONSE: Medieval Times states that it will provide non-privileged, non-work product responsive documents, if any, currently in it possession and will seasonably supplement its response should it obtain further responsive documents.

14. All documents reflecting any testing of the sales terminals located at Medieval Times' gift shop, 2001 N. Roselle Road, Schaumburg, Illinois from a time period of June 4, 2008, to January 8, 2010.

RESPONSE: Medieval Times states that it will provide non-privileged, non-work product responsive documents, if any, currently in it possession and will seasonably supplement its response should it obtain further responsive documents.

15. All documents sent by any Chamber of Commerce to Medieval Times for a time period beginning on November 22, 2003, to January 8, 2010, that refers to the Fair Credit Reporting Act.

ANSWER: As Plaintiffs' counsel previously agreed, and subsequently confirmed in open court on June 23, 2010, the documents sought by this request are irrelevant as they do not relate to issues remaining in dispute in this case.

16. All documents sent by any Chamber of Commerce to Medieval Times for a time period beginning on November 22, 2003, to January 8, 2010, that refers to the truncation of credit card account numbers.

ANSWER: As Plaintiffs' counsel previously agreed, and subsequently confirmed in open court on June 23, 2010, the documents sought by this request are irrelevant as they do not relate to issues remaining in dispute in this case.

17. All documents sent by any Chamber of Commerce to Medieval Times from a time period of November 22, 2003, to September 14, 2009, that refers to the truncation of credit card expiration dates.

ANSWER: As Plaintiffs' counsel previously agreed, and subsequently confirmed in open court on June 23, 2010, the documents sought by this request are irrelevant as they do not relate to issues remaining in dispute in this case.

18. All documents sent by any Chamber of Commerce to Medieval Times for a time period beginning on November 22, 2003, to January 8, 2010, that refers to the truncation of debit card expiration dates.

ANSWER: As Plaintiffs' counsel previously agreed, and subsequently confirmed in open court on June 23, 2010, the documents sought by this request are irrelevant as they do not relate to issues remaining in dispute in this case.

19. All documents issued by the FTC from a time period of November 22, 2003, to September 14, 2009, that refers to the truncation of credit card account numbers.

ANSWER: As Plaintiffs' counsel previously agreed, and subsequently confirmed in open court on June 23, 2010, the documents sought by this request are irrelevant as they do not relate to issues remaining in dispute in this case.

20. All documents issued by the FTC from a time period of November 22, 2003, to September 14, 2009, that refers to the truncation of credit card expiration dates.

ANSWER: As Plaintiffs' counsel previously agreed, and subsequently confirmed in open court on June 23, 2010, the documents sought by this request are irrelevant as they do not relate to issues remaining in dispute in this case.

21. For a time period prior to January 8, 2010, all documents that demonstrate that Medieval Times, took any step to comply with the FACTA amendment to the FCRA as it related to the truncation of credit card numbers on receipts.

RESPONSE: Medieval Times states that it will provide non-privileged, non-work product responsive documents currently in it possession and will seasonably supplement its response should it obtain further responsive documents.

22. For a time period prior to January 8, 2010, all documents that demonstrate that Medieval Times, took any step to comply with the FACTA amendment to the FCRA as it related to the truncation of debit card numbers on receipts.

RESPONSE: Medieval Times states that it will provide non-privileged, non-work product responsive documents currently in it possession and will seasonably supplement its response should it obtain further responsive documents.

23. For a time period prior to January 8, 2010, all documents that demonstrate that Medieval Times, took any step to comply with the FACTA amendment to the FCRA as it related to the truncation of credit card expiration dates on receipts.

RESPONSE: Medieval Times states that it will provide non-privileged, non-work product responsive documents currently in it possession and will seasonably supplement its response should it obtain further responsive documents.

24. All documents that demonstrate that Medieval Times took any step to comply with the FACTA amendment to the FCRA as it related to the truncation of debit card expiration dates on receipts.

RESPONSE: Medieval Times states that it will provide non-privileged, non-work product responsive documents currently in it possession and will seasonably supplement its response should it obtain further responsive documents.

25. For a time period prior to January 8, 2010, all documents that refer to advertizing of any machine that processes credit or debit card transaction that Medieval Times received.

ANSWER: As Plaintiffs' counsel previously agreed, and subsequently confirmed in open court on June 23, 2010, the documents sought by this request are irrelevant as they do not relate to issues remaining in dispute in this case.

26. For a time period prior to January 8, 2010, all documents that refer to advertizing of any software that processes credit or debit card transaction that Medieval Times received.

ANSWER: As Plaintiffs' counsel previously agreed, and subsequently confirmed in open court on June 23, 2010, the documents sought by this request are irrelevant as they do not relate to issues remaining in dispute in this case.

27. For a time period prior to January 8, 2010, all documents, including but not limited to for example, e-mail, letters, faxes, sent by Medieval Times that refers to the truncation of credit card expiration dates on receipts.

RESPONSE: Medieval Times states that it will provide non-privileged, non-work product responsive documents, if any, currently in it possession and will seasonably supplement its response should it obtain further responsive documents.

28. For a time period prior to January 8, 2010, all documents, including but not limited to, for example, e-mail, letters, faxes, received by any Medieval Times employee that refers to the truncation of debit card expiration dates on receipts.

RESPONSE: Medieval Times states that it will provide non-privileged, non-work product responsive documents, if any, currently in it possession and will seasonably supplement its response should it obtain further responsive documents.

29. For a time period prior to January 8, 2010, all documents, including but not limited to for example, e-mail, letters, faxes, received by any Medieval Times employee that refers to the truncation of debit card expiration dates on receipts.

RESPONSE: Medieval Times refers Plaintiff to its response to Request No. 28 above, which is incorporated herein.

30. For a time period prior to January 8, 2010, all documents, including but not limited to for example, e-mail, letters, faxes, sent by any Medieval Times employee that refers to the truncation of debit card expiration dates on receipts.

RESPONSE: Medieval Times refers Plaintiff to its response to Request No. 27 above, which is incorporated herein.

31. All e-mails, memorandum or other electronically searchable materials on servers or archived files, including documents sent to or from any Medieval Times employee or agent, including attorneys acting within the scope of their representation of Medieval Times), created, sent, modified or distributed prior to January 8, 2010, that contains any of the following strings of characters and/or satisfies the following criteria:

(a) "FACTA", with in the same e-mail or e-mail string as "1681c", and or "1681(c)";
(b) "FCRA" within the same e-mail or e-mail string as "1861c", and/or "1681(c)";
(c) "truncate" within the same e-mail or e-mail string as "credit card";
(d) "truncate" within the same e-mail or e-mail string as "debit card";
(e) "expiration date" within the same email or email string as "block", "suppress" "truncate", "delete" or "exclude";
(f) "receipt" within the same e-mail or e-mail string as "point of sale"; and
(g) "Shall print more than the last 5 digits" within the same e-mail or e-mail string as "receipt".

RESPONSE: Medieval Times states that it will provide non-privileged, non-work product responsive documents currently in it possession for the time period of the effective date of FACTA through January 1, 2008 for those employees whose responsibilities included or related to creating or editing of receipts for the subject gift shop.

32. All documents that relate or refer to The Credit and Debit Card Receipt Clarification Act signed into law on June 3, 2008, that were in Medieval Times possession prior to January 8, 2010.

ANSWER: As Plaintiffs' counsel previously agreed, and subsequently confirmed in open court on June 23, 2010, the documents sought by this request are irrelevant as they do not relate to issues remaining in dispute in this case.

33. All documents that demonstrate or tend to show the inclusion of the expiration dates on receipts as complained of in this lawsuit was the result of any error.

RESPONSE: Medieval Times states that it will provide non-privileged, non-work product responsive documents currently in it possession and will seasonably supplement its response should it obtain further responsive documents.

34. All memorandum, written policies, practices or manuals or other documents that discuss safeguarding Medieval Time's customers' credit card and/or debit card data and/or information.

RESPONSE: Interpreting this request to seek documents relating to credit and debit card data and/or information protected by FACTA, Medieval Times states that it will provide non-privileged, non-work product responsive documents, if any, currently in it possession and will seasonably supplement its response should it obtain further responsive documents.

35. All memorandum, written policies, practices or manuals or other documents that discuss safeguarding Medieval Time's customers' privacy or identify theft.

RESPONSE: Interpreting this request to seek documents relating to credit and debit card data and/or information protected by FACTA, Medieval Times states that it will provide non-privileged, non-work product responsive documents, if any, currently in it possession and will seasonably supplement its response should it obtain further responsive documents.

36. For a time period prior to January 8, 2010, all communications received by Medieval Times that referred to the Fair Credit Reporting Act.

ANSWER: As Plaintiffs' counsel previously agreed, and subsequently confirmed in open court on June 23, 2010, the documents sought by this request are irrelevant as they do not relate to issues remaining in dispute in this case.

37. For a time period prior to January 8, 2010, all communications received by Medieval Times that referred to the truncation of credit card numbers.

ANSWER: As Plaintiffs' counsel previously agreed, and subsequently confirmed in open court on June 23, 2010, the documents sought by this request are irrelevant as they do not relate to issues remaining in dispute in this case.

38.     For a time period prior to January 8, 2010, all communications received by Medieval Times that referred to the truncation of debit card numbers.

ANSWER:     As Plaintiffs' counsel previously agreed, and subsequently confirmed in open court on June 23, 2010, the documents sought by this request are irrelevant as they do not relate to issues remaining in dispute in this case.

39.     For a time period prior to January 8, 2010, all communications received by Medieval Times that referred to the truncation of credit card expiration dates.

ANSWER:     As Plaintiffs' counsel previously agreed, and subsequently confirmed in open court on June 23, 2010, the documents sought by this request are irrelevant as they do not relate to issues remaining in dispute in this case.

40.     A copy of any insurance agreement that may require any third party to help satisfy all or part of any judgment, award or settlement of this case, to or pay for any part of the defense costs or fees or indemnification.

RESPONSE:   Medieval Times refers Plaintiffs to the insurance agreements produced with Defendant's Rule 26 Disclosures.

Respectfully submitted,

MEDIEVAL TIMES U.S.A., INC.

By: */s/ Steven B. Varick*

Steven B. Varick
Bradley Bulthuis
Holland & Knight LLP
131 S. Dearborn Street
30th Floor
Chicago, Illinois  60603
(312) 263-3600

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, certify that **DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION** was served on all counsel of record by first class mail, and e-mail delivery, on this the 25th day of June, 2010.

Respectfully submitted,

Holland & Knight LLP

By: */s/ Bradley Bulthuis*

Steven B. Varick
Bradley Bulthuis
Holland & Knight LLP
131 S. Dearborn Street
30th Floor
Chicago, Illinois 60603
(312) 263-3600

# 9490793_v1

# EXHIBIT B

**Subject: Re: Todd v. Medieval Times**
**Date:** Monday, June 28, 2010 8:30 AM
**From:** Curtis Warner <cwarner@warnerlawllc.com>
**To:** <bradley.bulthuis@hklaw.com>

Brad,

This will confirm our conversation this morning. I called you and informed you that there were no responsive documents that were produced. Please be advised that my phone call and this e-mail is made under Rule 37 and Local Rule 37.2. I expect that the responsive documents are produced by 4:30 p.m. Today.

Curt

- - - - - - - - - - - - - - - - - -

Curtis C. Warner cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
312.238.9820 (TEL)
312.638.9139 (FAX)
www.warnerlawllc.com

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*****************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended-

On 6/25/10 4:46 PM, "bradley.bulthuis@hklaw.com" <bradley.bulthuis@hklaw.com> wrote:

> Curtis,
>
> Attached are Defendant's Responses to Plaintiffs' First Set of Request for Production and Defendant's Response to Plaintiffs' First Set of Interrogatories. We are still waiting on the verification for the interrogatory answers, but wanted to get these responses to you. I will send the verification under separate cover.
>
> Thanks,

Brad

**Bradley Bulthuis** | **Holland & Knight**

Associate

131 South Dearborn Street, 30th Floor | Chicago IL 60603

Phone 312.715.5857 | Fax 312.578.6666

bradley.bulthuis@hklaw.com | www.hklaw.com <www.hklaw.com>

---

To ensure compliance with Treasury Regulations (31 CFR Part 10, Sec. 10.35), we inform you that any tax advice contained in this correspondence was not intended or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code.

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**LINDA TODD, DRAMETTA TODD, MARCUS BOYD, DONNA SANDERS, and MARQUITA SANDERS, individually and on behalf of a class,**

**Plaintiffs,**

**v.**

**MEDIEVAL TIMES U.S.A., INC.**

**Defendant.**

**No. 10-cv-120**

**DEFENDANT'S RULE 26 DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant Medieval Times U.S.A., Inc. ("Medieval Times") makes the following initial disclosures:

1. The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Richard Dunn
c/o Medieval Times
7662 Beach Boulevard,
Buena Park, California 90620-1838

Mr. Dunn has knowledge of Medieval Times' operations in its gift shops, its efforts to comply with FACTA, and possible causes of any alleged FACTA non-compliance. Any contact with Mr. Dunn may be made only through counsel for Medieval Times.

2. A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

| CATEGORY | LOCATION |
|---|---|
| Documents relating to or reflecting communications concerning FACTA | Medieval Times files and computer systems in its U.S. headquarters. |

| CATEGORY | LOCATION |
|---|---|
| compliance. | |
| Records relating to consultants retained to assist in FACTA compliance. | Medieval Times files and computer systems in its U.S. headquarters. |

Medieval Times is continuing to search for documents and will timely supplement its disclosure.

3. A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Not applicable.

4. For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Enclosed are copies of insurance agreements from insurance companies which may be liable to satisfy all or any part of the judgment or to indemnify or reimburse payments made to satisfy the judgment.

Respectfully submitted,

MEDIEVAL TIMES U.S.A., INC.

By: /s/ Steven B. Varick

Steven B. Varick
Bradley Bulthuis
Holland & Knight LLP
131 S. Dearborn Street
30th Floor
Chicago, Illinois 60603
312-263-3600