UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA TODD, DRAMETTA TODD, MARCUS BOYD, DONNA SANDERS, and MARQUITA SANDERS, individually and on behalf of a class, | ) ) ) ) ) | 10 C 120 Judge Andersen |
| Plaintiffs, | ) ) | Magistrate Judge Keys |
| v. | ) ) | |
| MEDIEVAL TIMES U.S.A., INC., | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF CLASS CERTIFICTION**

Plaintiffs Linda Todd, Drametta Todd, Marcus Boyd, Donna Sanders, and Marquita Sanders (collectively "Plaintiffs"), have requested this Honorable Court to enter an order determining that this action may proceed as a class action against Defendant Medieval Times U.S.A., Inc. ("Defendant"). This memorandum is submitted in support of that motion.

**I.     PURPOSE OF A CLASS ACTION**

The purpose of a class action is to promote judicial economy by avoiding duplicative suits against the same defendant, and to protect the rights of persons who may not be able to assert their claims on an individual basis. *Crown, Cork, & Seal Co. v. Parking*, 462 U.S. 345 (1983). As the United States Supreme Court has observed, "[c]lass actions serve an important function in our system of civil justice." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981). "Class actions … permit the plaintiffs to pool claims which would be uneconomical to litigate individually. [M]ost of the plaintiffs would have no realistic day in court if a class action were not available." *Phillips Petroleum v. Shutts*,

472 U.S. 797, 808-809 (1985); *see also Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1977) (class actions aggregate "relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.").

## II. NATURE OF THE CASE

The Seventh Circuit has held that cases such Fair Credit Reporting Act ("FCRA") as the one before this Court should be resolved on a class-wide basis. It specifically found that,

> to decide whether [a defendant] has adhered to the statute [the Fair Credit Reporting Act], a court need only determine whether the four corners of the offer satisfy the statutory definition (as elaborated in [*Cole v. U.S. Capital, Inc.,* 389 F.3d 719 (7th Cir. 2004)]).... ***These questions readily may be resolved for a class as a whole***. [*Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 956 (7th Cir. 2006) (emphasis added).]

Since *GMAC Mortgage*, District Judges have followed the Seventh Circuit's holdings in numerous cases. For example, in a case where the same amount of damages of $100 to $1,000 per willful violation under the FCRA was at issue, the Court found that the class action procedure was superior to all other resolution methods, holding that,

> a class action is a superior method of adjudication when "economies of time, effort, and expense" are achieved "without sacrificing procedural fairness." [*Amchem Prods. v. Windsor*, 521 U.S. 591, 614 (1997).] Additionally, a class action is an appropriate and superior means of adjudication when the potential recovery on a claim is "too slight to support individual suits, but injury is substantial in the aggregate." [*GMAC Mortgage*], 434 F.3d at 953 (citing *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344-345 (7th Cir. 1997)). Such is the case here. [*Claffey v. River Oaks Hyundai, Inc.*, 238 F.R.D. 464, 468 (N.D.Ill. 2006).]

*See also*, *e.g.*, *Murray v. E*Trade Financial Corp.*, 240 F.R.D. 392 (N.D. Ill. 2006); *Cavin v. Home Loan Center, Inc.*, 236 F.R.D. 387 (N.D.Ill. 2006); *Murray v. New Cingular Wireless Services, Inc.*, 232 F.R.D. 295 (N.D. Ill. 2005).

*A. Plaintiffs' Claims*

Plaintiffs filed this class action under the FCRA as amended by the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), contending that Defendant willfully violated a provision designed to prevent the misuse of credit and debit cards provided to merchants to facilitate a sales or transaction. 15 U.S.C. §1681c(g) provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction."

Defendant provided Plaintiffs at the point of sales or transaction printed receipts that showed the expiration date on each receipt. Plaintiffs claim that the requirements of FACTA were widely publicized, and that at the very latest on August 18, 2008, Defendant's Senior Vice President had actual notice of the truncation requirements of FACTA. Therefore, Plaintiff submits that the evidence will show that Defendant violated the FCRA as amended by FACTA and that the violations were "willful" under the standard set forth in *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007).

*B. The holdings of* **GMAC** **Mortgage** *support certification*

*GMAC Mortgage* is on point supporting Plaintiffs' arguments that a class should be certified in this case. *GMAC Mortgage* held, in pertinent part, that:

> 1. the class action procedure "was designed for situations such as this, in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate" [*GMAC Mortgage*, 434 F. 3d at 953];
>
> 2. statutory damages provide relief for actual losses that are small and hard to quantify, without proof of injury [*Id*.]; and
>
> 3. an award to the class "that would be unconstitutionally excessive may be reduced.... but constitutional limits are best applied after a class has been certified

3

[when] a judge may evaluate the defendant's overall conduct and control its total exposure" [*Id*. at 954 (citing *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003))].

These factors set forth by the Seventh Circuit clearly indicate that the matter before this Court is suitable for class certification. Proof in this case is standardized— from the receipts that were given to Plaintiffs and other consumers, to the point of sales terminal hardware and software that produced them.

### III. STANDARD FOR CLASS CERTIFICATION

Classes have been certified in a number of FCRA cases brought under the FACTA amendments as follows: *Hammer v. JP's Southwestern Foods, L.L.C.*, 08-0339-CV-W-FJG, 2010 U.S. Dist. LEXIS 24259 (W.D. Mo. March 16, 2010); *Miller-Huggins v. Mario's Butcher Shop, Inc.*, 09 C 3774, 2010 U.S. Dist. LEXIS 16493 (N.D. Ill. Feb. 22, 2010); *Shurland v. Bacci Cafe & Pizzeri On Ogden, Inc.*, 08 C 2259, 2009 U.S. Dist. LEXIS 73309, (N.D. Ill. Aug. 19, 2009); *Razmig Tchoboian v. Parking Concepts, Inc*., Case No. SACV 09-422 JVS (ANx), 2009 U.S. Dist. LEXIS 62122 (C.D. Cal. July 16, 2009); *Armes v. Shanta Enterprise, Inc.*, 07 C 5766, 2009 U.S. Dist. LEXIS 58385 (N.D. Ill. July 8, 2009); *Beringer v. Standard Parking Corp.*, No. 07 C 5027 and 07 C 5119, 2008 U.S. Dist. LEXIS 91568, 2008 WL 4390626 (N.D. Ill. Sept. 24, 2008); *Cicilline v. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831 (N.D. Ill. 2008); *Harris v. Best Buy Co., Inc.,* et al., No. 07 C 2559, 2008 WL 4378476 (N.D. Ill. Mar. 20, 2008); *Redmon v. Uncle Julio's of Illinois, Inc.*, 249 F.R.D. 290 (N.D. Ill. 2008); *Matthews v. United Retail, Inc.*, 248 F.R.D. 210 (N.D. Ill. 2008); *Meehan v. Buffalo Wild Wings, Inc.*, 249 F.R.D. 284 (N.D. Ill. 2008); *Harris v. Circuit City Stores, Inc.*, No. 07 C 2512, 2008 WL 400862 (N.D. Ill. Feb. 7, 2008); *Kesler v. Ikea U.S., Inc.,* Case No. SACV 07-00568-JVS

(RNBx), 2008 U.S. Dist. LEXIS 97555 (C.D. Cal. Feb 4, 2008); *Troy v. Red Lantern Inn, Inc.*, No. 07 C 2418, 2007 WL 4293014 (N.D. Ill. Dec. 4, 2007); *Halperin v. Interpark, Inc.*, No. 07 C 2161, 2007 WL 4219419 (N.D. Ill. Nov. 29, 2007); *Reynoso v. S. County Concepts*, SACV07-373-JVS(RCx), 2007 U.S. Dist. LEXIS 95691 (C.D. Cal. Oct. 26, 2007).

In the present case, the critical issues are (a) whether Defendant has a practice of providing customers with a sales or transaction receipt in the form of Exhibit A[1] that fails to comply with FACTA's truncation requirement regarding the expiration date; (b) whether Defendant thereby violated FACTA; and (c) whether Defendant's conduct was willful. Such claims can be resolved, in part or in whole, at summary judgment, as was the case in actions involving the prescreening of credit information. *Murray v. IndyMac Bank, FSB*, 461 F.Supp.2d 645 (N.D.Ill. 2006); *Murray v. Sunrise Chevrolet, Inc.*, 441 F. Supp. 2d 940 (N.D.Ill. 2006). Both of these inquiries are uniform with respect to the entire class, and will be decided on facts that apply equally to all class members.

## IV. THE PROPOSED CLASS MEETS THE CERTIFICATION REQUIREMENTS

### A. NUMEROSITY

To establish numerosity a plaintiff is, "not required to allege the exact number or identity of the class members." *Hinman v. M and M Rental Center, Inc.*, 545 F. Supp 2d 802, 806 (N.D. Ill. 2008). Additionally, there is no strict number to determine whether a class is large enough or too numerous to be joined. *Cavin v. Home Loan Ctr., Inc.*, 236 F.R.D. 387, 392 (N.D. Ill. 2006). Furthermore, a plaintiff can use statistical percentages to establish numerosity "beyond mere

---

[1] Exhibits noted herein are attached to Plaintiffs' Motion for Class Certification.

speculation" that the size of the putative class is sufficiently large. *Rahman v. Chertoff*, 244 F.R.D. 443, 450 (N.D. Ill. 2007).

Here, given that Defendant engaged in approximately 30,000 credit and debit card transactions at the subject gift shop over the proposed class time period, Exhibit C (Def. Resp. to Interrogatory No. 1), and that Defendant's point of sales terminals is operated by software program that provides instructions, a field, to read the expiration date off the credit and debit cards presented and print that expiration date out on the receipt that is then provided to the consumer. *See* Exhibit D. Based on these figures above, the subject gift shop conducted an average of 50 credit and debit card transactions per day. Furthermore, approximately seventy-eight percent (78%) of all American have either a credit or a debit card. Kevin Foster et al., "The Survey of Consumer Payment Choice", Federal Reserve Bank of Boston, p. 56, January 2010. Additionally, Plaintiffs' documentary proof demonstrates that that the subject gift shop was non-FACTA compliant for at a minimum 12 days. Exhibit A. All of these statistical calculations demonstrate that it is more than likely that at a minimum 40 persons are members of the proposed class.

**B.    COMMONALITY**

A common nucleus of operative facts is enough to satisfy the commonality requirement. *Rosario v. Livaditis,* 963 F.2d 1013, 1017 (7th Cir. 1992). "A common nucleus is generally found when the defendant has engaged in standardized conduct towards the members of the proposed class." *Cavin v. Home Loan Ctr., Inc.*, 236 F.R.D. 387, 392 (N.D. Ill. 2006) (*citing Keele,* 149 F.3d at 594; *McCabe,* 210 F.R.D. at 644); *Hinman v. M & M Rental Ctr.*, 545 F. Supp. 2d 802, 806 (N.D. Ill. 2008) ("Seventh Circuit precedent teaches that commonality and typicality are generally met where, as

here, a defendant engages in a standardized course of conduct vis-a-vis the class members and plaintiffs' alleged injury arises out of that conduct."); *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984) (Where a question of law involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met."). When "at least one question of law or fact [is] common to the class," commonality is satisfied. *Tylka v. Gerber Prods. Co.,* 178 F.R.D. 493, 496 (N.D. Ill. 1998). Finally, "The commonality requirement has been characterized as a 'low hurdle' easily surmounted." *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992).

Here Defendant engaged in a common course of conduct towards Plaintiffs and the proposed class members as though its point of sales terminals at the subject gift shop it used specific software programmed to obtain from Plaintiffs' and the class members' expiration dates from their credit and debit cards and to print that information on its gift shop receipts. *See* Exhibit D. The alleged failure to comply with FACTA is the same for each person who received a noncompliant receipt; thus, each class member has the same claim. *GMAC Mortgage* held that this sort of question does not call for any sort of individualized inquiry. Accordingly, the questions of whether noncompliant receipts were provided and whether the FACTA violation was willful depends on facts involving Defendant's activities, and not the activities of Plaintiffs or class members.

**C.    TYPICALITY**

Commonality and typicality requirements under Rule 23 are interrelated and often to overlap. *Hyderi v. Washington Mutual Bank, FA*, 235 F.R.D. 390, 396 (N.D.Ill.2006).

7

The "typicality" requirement of Rule 23(a)(3) is satisfied for many of the same reasons that the "commonality" requirement of Rule 23(a)(3) is met. *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1993). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Id.* Rule 23(a)(3) requires that, "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). Typicality, "should be determined with reference to [the defendant's] actions, not with respect to particularized defenses it might have against certain class members." *Wagner v. NutraSweet Co.*, 95 F.3d 527, 534 (7th Cir. 1996).

Here Plaintiffs' and the class' claims arise from Defendant's use of a point of sales terminal and the software used that extracts the coded expiration date from their respective credit and debut cards and prints that information on Defendant's subject gift shop's receipts. Plaintiffs and each member of the class were subjected to the same conduct, obtaining the expiration date from the card presented to Defendant's subject gift shop to make a purchase or engage in a transaction and the printing of that expiration date out on a receipt.

**D.     ADEQUACY**

Rule 23(a)(4)'s prerequisite consists of the following factors: (1) whether the plaintiffs' attorney is qualified, experienced, and generally able to conduct the proposed litigation; (2) whether the class representatives have interests that are antagonistic to the class; and (3) whether the class representatives have a sufficient interest in the case to

assure vigorous advocacy. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993).

"Adequacy" is met when the representative's interests are not antagonistic to or in conflict with those of the other class members. *Uhl v. Thoroughbred Tech. and Telecom., Inc.*, 309 F.3d 978, 985 (7th Cir. 2002). In a class action, "the class representative's role is limited." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981). An adequate class representative need only be conscientious and have a basic understanding of the litigation at hand. *Carbajal v. Capital One*, 219 F.R.D. 437, 442 (N.D. Ill. 2004). "[T]he standard for serving as class representative is not particularly demanding." *In re Ocean Bank*, 06 C 3515, 2007 U.S. Dist. LEXIS 29443 * 25 (N.D. Ill. Apr. 27, 2007). Plaintiffs are aware of the class claim they have asserted for damages under the Fair Credit Reporting Act and have communicated with their counsel. As such, Plaintiffs are adequate and no antagonism exists between him and the class members.

The second consideration in determining adequacy of representation is whether plaintiff's counsel is qualified, experienced, and able to conduct the proposed litigation. *Rosario*, 963 F.2d at 1018; Fed. R. Civ. P. 23(g). Plaintiff's counsel, Mr. Warner, has specifically been found to be adequate class counsel in another FCRA case meeting the requirements of Rule 23(a)(4). *Cavin v. Home Loan Center, Inc.* 236 F.R.D 387, 395 (N.D. Ill. 2006) (Castillo, J.) ("The Court finds that Mr. Warner [is]. . . 'experienced, competent, qualified and able to conduct the litigation vigorously'"). *Id.* at 395. Furthermore, "[t]he fact that attorneys have been found adequate in other cases 'is persuasive evidence that they will be adequate again.'" *Morris v. Risk Mgmt.*

9

*Alternatives, Inc.*, 203 F.R.D. 336, 344 (N.D. Ill. 2001) (*quoting Gomez v. Illinois State Bd. Of Ed.*, 117 F.R.D. 394, 401 (N.D. Ill. 1987)). Plaintiff's counsel submits the declaration of Curtis C. Warner in support of the Warner Law Firm, LLC's adequacy as class counsel and for the appointment of Curtis C. Warner as the attorney for the class under Rule 23(g). Exhibit E.

### E. PREDOMINANCE

Rule 23(b)(3) is met when "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." FED.R.CIV.P. 23(b)(3). The predominance requirement is met when a common factual link between the class members and defendants under which the law requires a remedy exists. *Smith v. Nike Retail Servs. Inc*. 234 F.R.D. 648, 666 (N.D. Ill. 2006); 7A Charles Alan Wright, et al., *Federal Practice and Procedure* § 1778, at 528 (2d ed. 1986) (Predominance is met "when common questions represent a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for having the dispute on a representative rather than on an individual basis"). "Generally, when a class challenges a uniform policy or practice, the validity of the policy or practice tends to be the predominant issue in the ensuing litigation." *CE Design Ltd*., 259 F.R.D. at 142 (*citing General Telephone Co. of Sw. v. Falcon*, 457 U.S. 147, 159 n.15, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)).

The predominate common legal issue of whether Defendant acted willfully predominates. The predominate common facts is that Defendant's point of sales terminals and its software obtained Plaintiffs' and the class members' expiration dates from their credit or debit cards presented at Defendant's subject gift shop and printed that information on a receipt.

F.  **SUPERIORITY**

In *GMAC Mortgage*, the Seventh Circuit held that cases such as this one, where hundreds of people have exactly the same claim, are well-suited for class resolution:

> [Fed.R.Civ.P] 23(b)(3) was designed for situations such as this, in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate. *See, e.g.*, *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344-345 (7th Cir. 1997). Reliance on federal law avoids the complications that can plague multi-state classes under state law, see *In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation*, 288 F.3d 1012 (7th Cir. 2002), and society may gain from the deterrent effect of financial awards. The practical alternative to class litigation is punitive damages, not a fusillade of smallstakes claims. See *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2003). [*GMAC Mortgage*, 434 F.3d at 953.]

Generally speaking, efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. *Eovaldi v. First Nat'l Bank,* 57 F.R.D. 545 (N.D.Ill. 1972). The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. *Hurwitz v. R.B. Jones Corp.,* 76 F.R.D. 149 (W.D.Mo. 1977). It is proper for a court, in deciding the "best" available method, to consider the "....inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.,* 503 F.2d 1161, 1165 (7th Cir. 1974). Reliance on the rare individual willing to incur the time and expense of seeking the small damages available is not sufficient to ensure that, "it ought not to be cheaper to violate the Act and be sued than to comply with the statutory requirements." *Bueno v. Mattner*, 633 F. Sup.1446, 1467 (W.D. Mich. 1986).

Certifying a class is the "superior" way when the "'class action would achieve economies of time, effort, and expense, and promote … uniformity of decision as to persons similarly

situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Amchem Prods. v. Windsor,* 521 U.S. 591, 615 (1997) (quoting Adv. Comm. Notes, 28 U.S.C. App., at 697); *Scholes v. Stone, McGuire & Benjamin,* 143 F.R.D. 181, 183 (N.D. Ill. 1992) ("Equally important, judicial economy and efficiency, as well as consistent judgments, are achieved by certifying the class.").

## CONCLUSION

WHEREFORE, for the reasons above and in Plaintiffs' class certification motion, Plaintiffs request this Honorable Court to certify the class as defined in the class motion because the proposed class meets the requirements of Rules 23(a), (b)(3), appoint Plaintiffs as the class representatives, and appoint Plaintiffs' counsel as counsel for the class.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner      (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza, 155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)