**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LINDA TODD, DRAMETTA TODD, | ) | |
| MARCUS BOYD, DONNA SANDERS, | ) | 10 C 120 |
| and MARQUITA SANDERS, individually | ) | |
| and on behalf of a class, | ) | Judge Gettleman |
| | ) | |
| Plaintiffs, | ) | Magistrate Judge Keys |
| | ) | |
| v. | ) | |
| | ) | |
| MEDIEVAL TIMES U.S.A., INC., | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT STATUS REPORT

A.      The initial status conference is set for December 7, 2010 at 9:00 a.m.

B.      Curtis C. Warner, counsel and trial counsel for Plaintiffs.  Steven B. Varick, Jerry

Kokolis, and Bradley Bulthuis are the attorneys of record for Defendant, and should the case go

to trial, Steven B. Varick is expected to try the case on behalf of Defendant.

C.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15

U.S.C. § 1681p (Fair Credit Reporting Act).

D.      Defendant has requested a jury trial.

E.      Plaintiffs individually and on behalf of a class have alleged that Defendant willfully

violated the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair

Credit Reporting Act ("FCRA"), specifically, 15 U.S.C. § 1681c(g), in that after knowing about

FACTA it did not prevent its point of sales terminals at its gift shop located at 2001 N. Roselle

Road, Schaumburg, Illinois ("subject gift shop") from printing receipts with expiration dates on

them from June 4, 2008 through January 8, 2010.  Plaintiffs' proposed Amended Complaint,

which added two new Plaintiffs who received non-FACTA compliant receipts after January 8,

2010, has expanded the class time period to January 10, 2010, and included a time period from

January 25, 2010 to January 31, 2010

Defendant has denied and continues to deny Plaintiffs' allegations.

F.      Plaintiffs individually and on behalf of a class seek statutory damages in the amount of

$100 to $1,000 per violation, attorney's fees and costs.  Plaintiffs estimate the potential damages

to be from approximately 3.1 million to 31 million dollars due to the number of credit and debt

card transactions at the subject gift shop.

Defendant disputes that Plaintiffs are entitled to the relief they seek, or to any relief at all

from Defendant, and further disputes the validity of Plaintiffs' estimated damages of 3.1 million

to 31 million dollars on a number of grounds, including that Plaintiffs cannot prove (a) willful

violation of the FCRA, (b) that any alleged non-compliance with FACTA at the subject gift shop

occurred continuously from June 4, 2008 through January 8, 2010, or (c) that every customer

who used a credit or debit card at the subject gift shop from June 4, 2008 through January 8,

2010 received an electronically printed receipt containing the credit or debit card expiration date.

G.      Defendant has been served.

H.      Plaintiffs and Defendant agree that the principal legal issue is whether Defendant

willfully violated the FCRA.

Plaintiffs state that the citations are: *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007)

and *Murray v. New Cingular Wireless Services, Inc.*, 523 F.3d 719, 726 (7th Cir. 2008)

(controlling authority regarding the willfulness standard); *Murray v. GMAC Mortg. Corp.,* 434

F.3d 948, 953 (7th Cir. 2006) (allowing statutory damages without actual damages as Congress

has determined that a violation of the FCRA causes harm to consumers); *Kubas v. Std. Parking*

*Corp. IL*, 594 F. Supp. 2d 1029  (N.D. Ill. 2009) (noting the elements of proof for the type of FCRA claim that is made here).

Defendants dispute that Plaintiffs have cited the relevant authority and that any citation to authority is necessary in this joint status report.

I.      Plaintiffs assert that the principal factual issues are that Defendant knew about FACTA prior to its effective date, did not know that FACTA required the truncation of expiration dates until months after the June 3, 2008, Clarification Act, and that Defendant did not ensure that the receipts being printed point of sales terminals at its gift shop located at 2001 N. Roselle Road, Schaumburg, Illinois, were FACTA compliant.

Defendant disputes Plaintiffs factual assertions above and states that the principal factual issues are whether Plaintiffs can prove that Defendant willfully failed to comply with a requirement of the FCRA, whether the alleged willful non-compliance occurred consistently throughout the subject gift shop or continuously from June 4, 2008 through January 8, 2010, and whether each of the named Plaintiffs and all of the purported class members received an electronically printed receipt from the subject gift shop that contained the credit or debit card expiration date.

J.      Plaintiffs have filed a motion for class certification, briefing on which has been stayed pending the recent mediation of this case and for further class discovery.  Through the mediation, the parties have reached a dependent, global settlement of the case and a related nationwide class action pending in the District of New Jersey.  If this settlement is consummated, Plaintiffs anticipate filing a joint motion for preliminary and final approval of a class action settlement and a petition for attorney's fees and costs in the District of New Jersey.

Alternatively, if a nationwide class action settlement is not approved by the New Jersey Court, Plaintiffs and Defendant anticipate filing motions for summary judgment before this Court.

K.      Plaintiffs and Defendants have exchanged Rule 26(a)(1) disclosures and other written discovery.  The parties propose that a future status date be set, at the future request of the parties, in the event that the settlement cannot be consummated, or if the nationwide class action settlement does not receive final approval from the District of New Jersey.  At that future status date, the parties will request that a discovery schedule be entered, as the parties would need to take several depositions and complete class discovery before being in a position to brief Plaintiffs' pending motion for class certification and to move for summary judgment.

L.      As noted above, the parties propose that a future status date be set, at the future request of the parties, in the event that the settlement cannot be consummated, or if the nationwide class action settlement does not receive final approval by the District of New Jersey.

M.      On November 19, 2010, the parties to this case, as well as counsel for the plaintiffs in a related nationwide class action pending in the District of New Jersey, engaged in a 14-hour-plus mediation before a neutral mediator, and reached a dependent, global settlement of both cases.

N.      The parties do not consent to a magistrate.

Respectfully submitted,

By: */s/ Bradley Bulthuis*
    Steven B. Varick
    Bradley Bulthuis
    Holland & Knight LLP
    131 S. Dearborn Street
    30th Floor
    Chicago, Illinois  60603
    (312) 263-3600
    *Attorneys for Medieval Times, U.S.A., Inc.*

By: */s/ Curtis C. Warner (by consent)*
    Curtis C. Warner (6282197)
    cwarner@warnerlawll.com
    Warner Law Firm, LLC
    155 N. Michigan Ave., Ste. 560
    Chicago, Illinois  60601
    (312) 238-9820 (TEL)
    *Attorney for Plaintiffs*

4

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, certify that **JOINT STATUS REPORT** was electronically filed and service was accomplished pursuant to the ECF for filing users on this the 1st day of December, 2010.

Respectfully submitted,

Holland & Knight LLP

By: *<u>/s/ Bradley Bulthuis</u>*

Steven B. Varick
Bradley Bulthuis
Holland & Knight LLP
131 S. Dearborn Street
30th Floor
Chicago, Illinois  60603
(312) 263-3600