**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LINDA TODD, DRAMETTA TODD, | ) | |
| MARCUS BOYD, DONNA SANDERS, | ) | |
| MARQUITA SANDERS, WILLIE RUTH | ) | |
| TODD, and WILLIE ALBERT TODD | ) | |
| individually and on behalf of a class, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 10 CV 120 |
| | ) | |
| MEDIEVAL TIMES U.S.A., INC., | ) | Judge Edmond E. Chang |
| | ) | |
| Defendant. | ) | |

**JOINT INITIAL STATUS REPORT**

1.     **The Nature of the Case**

        a.     Curtis C. Warner is counsel and trial counsel for Plaintiffs. Steven B. Varick, Jerry Kokolis, and Bradley Bulthuis are the attorneys of record for Defendant, and should the case go to trial, Steven B. Varick is expected to try the case on behalf of Defendant.

        b.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1681p (Fair Credit Reporting Act).

        c.     Plaintiffs individually and on behalf of a class have alleged that Defendant willfully violated the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), specifically, 15 U.S.C. § 1681c(g)(1), in that after knowing about FACTA it did not prevent its point of sales terminals at its gift shop located at 2001 N. Roselle Road, Schaumburg,

Illinois ("subject gift shop") from printing receipts with expiration dates on them from June 4, 2008 through January 10, 2010, and from January 25, 2010 through January 31, 2010. Defendant has denied and continues to deny Plaintiffs' allegations.

     d.     Plaintiffs and Defendant agree that the principal legal issue is whether Defendant willfully violated the FCRA. Plaintiffs assert that the principal factual issues are that Defendant knew about FACTA prior to its effective date, did not know that FACTA required the truncation of expiration dates until months after the June 3, 2008, Clarification Act, and that Defendant did not ensure that the receipts being printed by point of sales terminals at the subject gift shop were FACTA compliant.

     Defendant disputes Plaintiffs factual assertions above and states that the principal factual issues are whether Plaintiffs can prove that Defendant willfully failed to comply with a requirement of the FCRA, whether the alleged willful non-compliance occurred consistently throughout the subject gift shop or continuously from June 4, 2008 through January 8, 2010 and January 25, 2010 through January 31, 2010, and whether each of the named Plaintiffs and all of the purported class members received an electronically printed receipt from the subject gift shop that contained the credit or debit card expiration date.

     e.     Plaintiffs individually and on behalf of a class seek statutory damages in the amount of $100 to $1,000 per violation, attorney's fees and costs.

     Defendant disputes that Plaintiffs are entitled to the relief they seek, or to

any relief at all from Defendant, and further disputes the validity of Plaintiffs' claims on a number of grounds, including that Plaintiffs cannot prove (a) willful violation of the FCRA, (b) that any alleged non-compliance with FACTA at the subject gift shop occurred continuously from June 4, 2008 through January 8, 2010 or January 25, 2010 through January 31, 2010, or (c) that every customer who used a credit or debit card at the subject gift shop from June 4, 2008 through January 8, 2010 and January 25, 2010 through January 31, 2010 received an electronically printed receipt containing the credit or debit card expiration date.

2.      **Pending Motions and Case Plan**

        a.      No motions are currently pending.

        b.      At this time, the parties do not believe that setting a discovery schedule is necessary as, through over fourteen hours of mediation, the parties have reached a global settlement, which includes a later filed but related nationwide class action, *O'Hara v. Medieval Times USA, Inc.*, 3:10-cv-75 (MLC)(TJB), pending in the District of New Jersey ("New Jersey Action").  The Illinois Plaintiffs have executed the settlement documents, and the parties are now waiting on the New Jersey Plaintiff's counsel to return from his vacation at the end of August to set the agreed settlement in motion in the District of New Jersey.  Once that process is complete, Plaintiffs anticipate filing an agreed motion to stay this case.  Plaintiffs anticipate filing a stipulation to amend the complaint in the New Jersey Action, followed by joint motions for preliminary and final approval of a class action settlement and a petition for attorney's fees and costs in the District of New Jersey.

However, if a nationwide class action settlement is not approved by the District Court for New Jersey, Plaintiffs anticipate filing a motion for a status conference in this case requesting a status hearing. In that case, Plaintiffs also anticipate renewing their motion for class certification, and Plaintiffs and Defendant anticipate filing motions for summary judgment before this Court.

    c.     Though Defendant has requested a jury trial, the parties have reached a global settlement of this case and the New Jersey Action, as indicated above.

**3.**     <u>**Consent to Proceed Before a Magistrate Judge**</u>

    a.     The parties do not consent to a magistrate.

**4.**     <u>**Status of Settlement Discussions**</u>

    a.     Yes.

    b.     As indicated above, the parties engaged in a fourteen-hour-plus mediation before a neutral mediator, and reached a global settlement of this case and the New Jersey Action.

Respectfully submitted,

By: _/s/ Bradley Bulthuis_
    Steven B. Varick
    Jerry Kokolis
    Bradley Bulthuis
    Holland & Knight LLP
    131 S. Dearborn Street, 30th Floor
    Chicago, Illinois 60603
    (312) 263-3600
    _Attorneys for Medieval Times,_
    _U.S.A., Inc._

By: _/s/ Curtis C. Warner (by consent)_
    Curtis C. Warner (6282197)
    cwarner@warnerlawllc.com
    Warner Law Firm, LLC
    155 N. Michigan Ave., Ste. 560
    Chicago, Illinois 60601
    (312) 238-9820 (TEL)
    _Attorney for Plaintiffs_

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that **JOINT INITIAL STATUS REPORT** was electronically filed and service was accomplished pursuant to the ECF for filing users on this the 18th day of August, 2011.

Respectfully submitted,

Holland & Knight LLP

By: */s/ Bradley Bulthuis*

Steven B. Varick
Jerry Kokolis
Bradley Bulthuis
Holland & Knight LLP
131 S. Dearborn Street
30th Floor
Chicago, Illinois  60603
(312) 263-3600
steven.varick@hklaw.com
jerry.kokolis@hklaw.com
bradley.bulthuis@hklaw.com